# W. W. JACKSON

## v.

# THE DuQUOIN COAL MINING COMPANY.

*Opinion filed December 18, 1901—Rehearing denied February 5, 1902.*

TRIAL—*right of defendant to have question of recoupment of damages submitted to jury.* In an action for damages growing out of defendant's refusal to accept certain coal shipped by the plaintiff under contract, if the defendant seeks to recoup damages on the ground that the plaintiff, without authority, had shipped inferior coal, and the evidence on that branch of the case is conflicting, the defendant has the right to have such question submitted to the jury under proper instructions, and it is error for the court to give an instruction eliminating such question from the case.

*Jackson v. DuQuoin Coal Mining Co.* 76 Ill. App. 319, reversed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

GEORGE C. MASTIN, and CHARLES R. WHITMAN, for plaintiff in error.

CHURCH, McMURDY & SHERMAN, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action of assumpsit, brought in the superior court of Cook county by the DuQuoin Coal Mining Company, to recover of W. W. Jackson and Stephen W. Gilman, as partners, for certain coal sold and delivered by it to said firm, and for damages growing out of the refusal of said firm to receive coal shipped to them by said company under certain agreements claimed by said company to have been made and entered into between said parties.

It was stipulated between the parties upon the trial that under the declaration and replications filed plaintiff might introduce any evidence which would be competent

under any declaration or replications properly drawn, and that under the pleas filed the defendants might introduce any evidence which would be competent under any pleas properly drawn. The case and defense, therefore, were, respectively, what the evidence showed, irrespective of the pleadings.

The plaintiff introduced a written contract between the parties; also evidence tending to prove one or more subsequent oral contracts relating to the sale and delivery of coal by the plaintiff to said firm, and the shipment and delivery to the defendants of coal thereunder. The coal sought to be recovered for was delivered during the months of November and December, 1891. The defendants denied the making of any contract or contracts with the plaintiff for the purchase of coal other than said contract in writing, which provided that no coal other than coal mined at the mines of the plaintiff should be shipped to said firm, and introduced evidence tending to prove that during a portion of the time covered by said written contract, plaintiff, without their knowledge or consent, had shipped to them, as coal mined from plaintiff's mines, large quantities of coal which it had purchased from other mines located in the vicinity of its mines and which was of a quality inferior to that of the coal mined at the plaintiff's mines, and sought to recoup against the claim of the plaintiff the damages which they had sustained by reason of the shipment to and receipt by them of such inferior coal. On or about December 12, 1891, the plaintiff shipped to said firm about one hundred cars of coal, which said firm claimed was worthless and inferior coal and not coal mined from the mines of plaintiff, and refused, by reason thereof, to receive the same, and by written notice on that day terminated their contract with the plaintiff for the purchase from it of coal. Thereupon the plaintiff sold said coal on the market, and in this suit sought to recover, in addition to the value of the coal delivered to the defendants, the difference between the

contract price at which it claimed to have sold said coal to the defendants and what it received therefor by sale upon the market. Upon the trial the jury found the issues for the plaintiff and assessed its damages at $9053.72, upon which verdict the court rendered judgment in favor of the plaintiff, and the Appellate Court for the First District having affirmed said judgment, W. W. Jackson, the plaintiff in error, has brought the record to this court for further review.

The errors chiefly relied upon by the plaintiff in error for a reversal of the case is the giving to the jury, on behalf of the plaintiff, by the court, *sua sponte*, the following instruction:

"The court instructs the jury that upon all the evidence in this case the verdict must be for the plaintiff, the only questions submitted to the jury being the question as to plaintiff's right, if any, to recover on account of coal rejected by defendant, and the question as to right, if any, of defendant to set off against and deduct from plaintiff's damages the damages, if any, claimed by defendant upon its plea of set-off for failure, if any, of plaintiff to ship coal claimed by defendant to have been ordered in November and December, 1891."

And the refusal of the court to give to the jury, upon behalf of the defendant, the following instruction:

"If the jury believe, from the evidence, that the plaintiff, during the months of November and December, 1891, or during either of said months, without the consent or acquiescence of the defendants, shipped to the defendants, under the contract in question, coal which was not merchantable or which was not mined from the mines of said plaintiff, then the jury are instructed that the defendants were under no legal obligations to receive or pay for such coal; and if the jury believe, from the evidence, that the plaintiff did, without the consent or acquiescence of the defendants, ship coal which was not merchantable or which was not mined by said plaintiff,

then the jury are instructed that the defendants are entitled to recover from the plaintiff such damages as the jury may find, from the evidence, to have been sustained by the defendants by reason of such breach of contract by the plaintiff."

We are of the opinion the instruction complained of does not fairly present to the jury the claim of the defendants. The damages sought to be recouped by the defendants grew out of the shipment to them, without their knowledge or consent, of inferior coal which had been mined from mines other than those of the plaintiff, and not on account of the non-delivery to them of coal claimed by defendants to have been ordered in November and December, 1891. There being a conflict in the evidence as to whether the defendants had authorized the plaintiff to purchase inferior coal from other mines and to ship the same to them, the defendants had the right to submit that question to the jury and to have them properly instructed as to the law bearing upon that phase of the case, and, if their contention was concurred in by the jury, to recoup such damages as they had sustained by reason thereof. By the giving of said instruction the court eliminated from the case such claim for damages and instructed the jury upon an issue not in the case, which fact is emphasized by the refusal of the court to give to the jury the refused instruction asked by defendants. We think the action of the court in this regard constituted reversible error, and that such error was not cured by any other instructions given by the court to the jury.

The judgments of the Appellate and superior courts will therefore be reversed and the cause remanded to the superior court for a new trial.

*Reversed and remanded.*